Jacobs v. Cross.

---

HENRY B. JACOBS

*vs.*

EDWIN D. CROSS.

Construction of the complaint in this action. Certain communications made to a physician and surgeon (a witness in the case) held not to be privileged under *sub div.* 4, *sec.* 10, *ch.* 73, *Gen. St.*

This action was brought in the district court for Olmsted county against the defendant, as a physician and surgeon, for malpractice, resulting in the loss of plaintiff's right hand. The allegations of the complaint are sufficiently stated in the opinion.

Upon the trial the jury rendered a verdict for the defendant, and judgment was entered against the plaintiff for costs, &c. The case comes to this court by appeal from such judgment. The questions presented arise upon exceptions to the charge of the court to the jury, and to the admission of evidence taken by the plaintiff at the trial. The portion of the charge to which exception was taken is stated in the opinion. In the course of plaintiff's examination as a witness his counsel asked him this question : " State the manner in which the amputation was done ?" Defendant's counsel objected to the question, " on the ground that it was not covered by the pleadings." The court sustained the objection and excluded the evidence, and plaintiff duly excepted.

Dr. Hall, a witness on the part of the plaintiff, was asked on cross-examination : " Was there anything unusual in the doctor placing his foot under the arm and pulling to straighten the bones ?" Counsel for plaintiff objected " on the grounds that the same was irrelevant and immaterial." The court overruled the objection, plaintiff duly excepted, and the witness answered : " It is a course I should have taken myself."

On the cross-examination of Dr. Staples, a witness on the part of the plaintiff, he testified : " I know the plaintiff ; I saw him before the trial at my office * * * ; he did not come to consult me or have me act for him as a physician or surgeon." On a further examination by Mr. Willson, counsel for plaintiff, he testified : " I can't say what the purpose of the visit was ; I distinctly told you I would give you no opinion in the premises ; you were present with the plaintiff ; the

conversation was not to enable me to prescribe or act for the plaintiff."

Counsel for defendant here asked the witness : " What did the plaintiff then say to you about his suffering pain after Dr. Cross bandaged his hand, &c.?" Plaintiff's counsel objected " on the ground that the communication was privileged ;" but the objection was overruled, plaintiff excepted, and the witness gave his testimony in answer to the question.

CHARLES C. WILLSON, for Appellant.

H. C. BUTLER and C. M. START, for Respondent.

*By the Court.*—BERRY, J.—This is an action for malpractice, in which the complaint avers that the defendant, as a physician and surgeon, undertook " to attend this plaintiff, and treat, dress, set, care for and endeavor to cure" plaintiff's broken arm ; " that the defendant then and there so negligently, carelessly and unskillfully behaved, conducted and governed himself in and about attending, dressing, setting and attempting to heal said plaintiff's said limb, that for the want of attention, skill and care, and for the want of the proper application of splints, bandages and dressing, and for the want of the proper application of suitable remedies and medicine thereto, and by the improper application of bandages and splints, and by and through the mere neglect, default, carelessness and unskillfulness of the said defendant in that behalf as physician and surgeon, the right hand of the plaintiff became dead and lifeless, and ceased to have the proper circulation of blood therein, and perished and was afterwards cut off by the defendant, above the said fracture of said forearm ; that by reason of the said wrongful, negligent and unskillful conduct of the defendant in the premises, the plaintiff suffered and

underwent great pain and anguish, and wholly lost his said right hand, to his damage ten thousand dollars.

The court at defendant's request gave the jury the following instruction, viz. :—

" The plaintiff claimed damages solely on account of the loss of his hand by neglect, default, carelessness and unskillfulness of defendant. Unless the jury shall find that the loss of the plaintiff's hand was caused by such neglect, default, carelessness, or unskillfulness, a verdict should be rendered for the defendant. The loss of the hand is the gist of the action, and unless that was caused by malpractice, your verdict must be for the defendent." To this instruction plaintiff excepted. The " pain and anguish" are alleged to have been suffered and undergone, by reason of the *said* wrongful, negligent, and unskillful conduct of the defendant in the *premises*; that is to say, by the same wrongful, negligent, and unskillful conduct which is alleged to have occasioned the perishing and loss of the hand. In other words, no other pain and anguish are complained of, except such as resulted from alleged wrongful, negligent, and unskillful conduct occasioning the loss of the hand. In this view of the complaint the charge of the court would not seem to be substantially or practically erroneous, for if the alleged wrongful, negligent and unskillful conduct occasioning the loss of the hand, and for which defendant was claimed to be liable, had no existence, (as the verdict has found) then there would be no *such* wrongful, negligent, and unskillful conduct as is alleged to have occasioned the pain and anguish complained of, and for which defendant would be liable. In addition to these considerations we are of opinion, from a perusal of the testimony, (which is all reported here) that the case was in fact tried below, and the evidence introduced upon the theory that the meaning attributed to the complaint in the instruction referred to was

Jacobs v. Cross.

the true meaning.   This would be a further argument in favor of the position that the instruction was not substantially or practically injurious to plaintiff.

II. Evidence of the *manner* in which the *amputation* was performed was rightly excluded.   The·complaint charged no lack of care or skill in that respect.

III. It is not important whether the question addressed to Dr. Hall, and objected to by plaintiff, was proper or improper. The witness made no answer responsive to the same.

IV. The facts communicated by plaintiff to Dr. Staples, (a regular physician and surgeon,) were, (as it appeared, affirmatively,) not "information acquired in attending" plaintiff as a "patient," which was necessary to enable him (Staples,) to prescribe or act for plaintiff as such "patient."  The communication not being privileged, under *subdiv.* 4, *sec.* 10, *ch.* 73, *Gen. St.*, was therefore properly permitted to be proved under the general rule prescribed by *sec.* 7 of the same chapter.

Judgment affirmed.